### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF TEXAS
### AMARILLO DIVISION

| | |
|---|---|
| **LYNSIE PAIGE MURLEY,** § | |
| **Plaintiff,** § | |
| § | |
| vs. § | **CIVIL ACTION NO. 2:10-CV-00124-J** |
| § | |
| **UNITED STATES OF AMERICA,** § | |
| § | |
| **Defendant.** § | |

### FIRST AMENDED COMPLAINT

COMES NOW, Lynsie Paige Murley ("Murley"), an individual, Plaintiff, by and through her attorneys submits this First Amended Complaint against the Defendant, the United States of America, on the following allegations:

#### I.

#### NATURE OF ACTION

1.01    This action is brought pursuant to Federal Tort Claims Act, 28 U.S.C. § 2671 for damages incurred by Plaintiff while attempting to board an airplane in Corpus Christi, Texas.

#### II.

#### JURISDICTION AND VENUE

2.01    This Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1346 (b).

2.02    Venue is proper in this Court pursuant to 28 U.S.C. § 1402 (b) because the Plaintiff resides in Amarillo, Texas, within the judicial district of this Court.

#### III.

#### PARTIES

3.01    Plaintiff is an individual residing in Amarillo, Texas.

3.02    Defendant United States of America is a sovereign entity, and may be served with process by serving the U.S. Department of Justice, 950 Pennsylvania Avenue, Washington D C 20530-0001.

IV.

## ALLEGATIONS

4.01 On or about May 29, 2008, Plaintiff was at the Corpus Christi, Texas airport for the purpose of boarding an airplane to fly from Corpus Christi, Texas to Amarillo, Texas. As she proceeded through security, she was singled out for extended search procedures. As the Transportation Security Administration (TSA) agent was frisking Plaintiff, the agent pulled Plaintiff's blouse completely down, exposing Plaintiff's breasts to everyone in the area. As would be expected, Plaintiff was extremely embarrassed and humiliated. Despite Plaintiff's humiliation, the TSA employees in the area continued to joke and laugh about the incident for an extended period of time. Plaintiff was so distraught, she left the boarding area so that she could be consoled by an acquaintance who had brought her to the airport. When Plaintiff reentered the checkpoint, the employees once again began joking about the incident. One male TSA employee expressed to Plaintiff that he wished that he would have been there when she came through the first time, and that "he would just have to watch the video".

V.

## ADMINISTRATIVE CLAIM

5.01 On or about August 18, 2008, Plaintiff filed an administrative claim with TSA. TSA never replied to Plaintiff's claim by certified or registered mail. Because six (6) months have elapsed since the filing of Plaintiff's administrative claim, Plaintiff is now entitled to institute this action pursuant to 28 U.S.C. § 2675 (a).

VI.

## COUNT 1

### Negligence

6.01 Plaintiff realleges by reference and incorporates herein the allegations contained in the above paragraphs.

6.02 Defendant's employees had a duty to exercise the degree of care that a reasonably careful person would use to avoid harm to others under circumstances similar to those described herein.

6.03 Plaintiff's injuries were proximately caused by Defendant and its employees negligent, careless and reckless disregard of said duty.

6.04 The negligent, careless and reckless disregard of duty of Defendant and its employees, consisted of, but is not limited to, the following acts and omissions:

- A. In that Defendant and its employees failed to conduct the extended search procedure in a reasonably prudent manner;
- B. In that Defendant failed to train its employees to conduct extended searches in a reasonably prudent manner;
- C. In that Defendant failed to properly supervise its employees;
- D. In that Defendant failed to provide proper safeguards and policies to detect the wrongful acts of Defendant's employees; and
- E. Any further act that may be revealed through the process of discovery.

6.05 Defendant and its employees breached the duties owed to Plaintiff.

6.06 As a proximate result, Plaintiff suffered damages as outlined below.

VII.

COUNT 2

**Intentional Infliction of Emotional Distress**

7.01 Plaintiff realleges by reference and incorporates herein the allegations contained in the above paragraphs.

7.02 Through the outrageous conduct described above, Defendant and its agents acted with the intent to cause, or with reckless disregard and conscious indifference for the probability of causing Plaintiff to suffer severe emotional distress. Specifically, by Defendant's employees continuing to joke about the incident, and by making pointed hurtful comments when Plaintiff reentered the screening area, had intent to cause severe emotional distress to Plaintiff.

7.03 As a direct and proximate result of Defendants and its employees actions, Plaintiff has suffered and will continue to suffer pain and suffering, and extreme and severe mental anguish and emotional damage.

VIII.

**DAMAGES**

8.01    Plaintiff has suffered mental anguish in the past, and will continue to suffer mental anguish in the future as a result of Defendant and its employees actions.

WHEREFORE, Plaintiff requests this Court to award compensatory damages against the United States of America and for such further relief as appears reasonable.

Respectfully submitted,

Law Offices of Philip R. Russ
Philip R. Russ, SBN 17406000
2700 S. Western, Suite 1200
Amarillo, Texas 79109
(806) 358-9293
Fax: (806) 373-9029

Law Office of Jerry D. McLaughlin
600 S. Tyler, Suite 1302
P.O. Box 9375
Amarillo, Texas  79105
Tel. (806)371-9110
Fax. (806)373-9029

By:_____
Jerry D. McLaughlin
Texas Bar No. 13743300
Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that I have served a true and correct copy of this document upon Gordon Bryant, 500 S. Taylor, Suite 300, Amarillo, Texas 79101 by hand delivery on the 18th day of August, 2010.

_____
Jerry D. McLaughlin